IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JESSE W. SMITH,                                                                              PLAINTIFF

v.                                    Case No. 3:06-cv-3037

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jesse W. Smith, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability, disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act), and supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act.

**1. Procedural Background:**

Plaintiff filed his applications for DIB and SSI on September 7, 2000, alleging an onset date of August 9, 2000. (Tr. 63).[2] Plaintiff's impairments included sleep apnea, back pain, and osteoarthritis and depression. Plaintiff's applications were denied initially and on reconsideration. (Tr. 45, 52 ). Pursuant to Plaintiff's request, a hearing before an Administrative Law Judge (ALJ) was held on February 28, 2002. The Plaintiff was present and represented by counsel, Frederick

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

Spencer, at the hearing. Also testifying was, Beth Clem, a vocational expert. (Tr. 23-40). After considering all of the evidence of record, the ALJ rendered a decision on May 30, 2002, finding the Plaintiff not disabled within meaning of the Act at anytime during the relevant time period. (Tr.12-17). Plaintiff appealed to this court and U.S. Magistrate Judge Beverly Stites Jones issued a judgment on March 24, 2004, remanding Plaintiff's applications for further administrative action. (Tr. 262-274). On September 2, 2004, a second administrative hearing was held. The Plaintiff was present and represented by counsel, Frederick Spencer, at the hearing. Also testifying was, Nancy Hughes, a vocational expert and two witnesses for Plaintiff. (Tr. 496-532). After considering all of the evidence of record, the ALJ rendered a decision on November 23, 2004, finding the Plaintiff was not disabled within meaning of the Act at anytime during the relevant time period. (Tr. 237-247). The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on May 26, 2006. (Tr. 227-229).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)©. A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only

considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.  Discussion:**

The Plaintiff brought the present appeal but has not filed an appeal brief or otherwise indicated to this Court specifically how the ALJ erred in denying the Plaintiff's disability claim. Without the benefit of an appeal brief from the Plaintiff specifying the error made by the ALJ, the Court will review the entire transcript and the Defendant's brief in this case in order to determine whether there is substantial evidence in the record to support the ALJ's disability determination. *See* 42 U.S.C. § 405(g). If there is substantial evidence in the record to support the ALJ's disability determination, then the decision of the ALJ must be affirmed. *See id.*

One of Plaintiff's alleged disabilities is based on a claim of depression and anxiety. (Tr. 103, 114). The ALJ did reference a treatment record of Dr. Bruce DeYoung showing Plaintiff had been put on Wellbutrin for depression and anxiety. Plaintiff indicated he was having problems getting Wellbutrin and as a result, Dr. DeYoung discontinued the Wellbutrin and started Plaintiff on 20mg of Paxil for depression with refills for one year. (Tr. 300). The record does not demonstrate when Plaintiff first began taking Wellbutrin for depression.

The ALJ found that Plaintiff did not suffer from any significant psychiatric impairment. The ALJ found support in his ruling by the fact that Plaintiff had not been seen by a mental health professional, nor had Plaintiff had any objective diagnostic testing done. (Tr. 243).

Plaintiff's counsel requested a psychological evaluation of Plaintiff at the time of the second administrative hearing. (Tr. 525). The ALJ and Plaintiff's counsel discussed this evaluation during

4

the hearing. (Tr. 525-526). The ALJ indicated he would consider the request for such an evaluation. (Tr. 526). The ALJ allowed the record to remain open for 30 days following the hearing in order to allow Plaintiff to obtain an evaluation. (Tr. 531). Following the second administrative hearing, Plaintiff underwent a neuropsychological evaluation by Dr. Vann Smith, Ph.D. (Tr. 365-374). This evaluation was done September 9, 2004, which was seven days following the administrative hearing. However, there is no reference to this medical record in the ALJ's decision of November 23, 2004.

Dr. Smith diagnosed Plaintiff with Organic Brain Syndrome. (Tr. 368). Dr. Smith found Plaintiff was unable to meet competitive standards in several areas of functioning including completing a normal work day, maintaining regular attendance, and performing at a consistent pace, among other limitations. (Tr. 372).

In considering a claimant's mental impairments, the ALJ is required to follow a "special technique" which has been set out in 20 C.F.R. §§ 404.1520a and 416.920a. The first step is to record pertinent signs, symptoms, and findings to determine if a mental impairment exists. *See* 20 C.F.R. § 404.1520a(b)(1). If a mental impairment is found, the ALJ then must specify the symptoms, signs and findings that support the presence of the impairment and document the findings. *See* 20 C.F.R. § 404.1520a(b)(1). In addition, the steps of this "special technique" are to be documented at each level of the administrative review. *See* 20 C.F.R. §§ 404.1520a(e). The failure to follow these procedures requires a remand. *See Pratt v. Sullivan*, 956 F2nd 830, 834 (8th Cir. 1992). It does not appear from the ALJ's decision that this procedure was followed.

Because of the ALJ's failure to follow the procedures of 20 C.F.R. § 404.1520a, this matter

5

is remanded for proper analysis and documentation of Plaintiff's alleged mental impairments.

The ALJ also has the duty to develop the record, fully and fairly, even where a claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). The ALJ is responsible for developing the record because the social security hearings are non-adversarial. *Id.* On remand the ALJ should review and consider the opinions of Dr. Smith. The ALJ should also review Plaintiff's prior treatment for depression, including any prior medications prescribed as such treatment. The ALJ may need to pose a new hypothetical to a vocational expert setting forth any new impairments or information that may be found.

**4. Conclusion:**

Accordingly, based on the foregoing, the decision of the ALJ, denying benefits to the Plaintiff, is not supported by substantial evidence, and should be reversed. This matter should be remanded to the Commissioner for further action consistent with this opinion.

**ENTERED** this **18th day of May, 2007.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE