IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JESSIE W. SMITH                                                                            PLAINTIFF

vs.                              Civil No. 3:06-CV-03037

MICHAEL J. ASTRUE
Commissioner, Social Security Administration                                   DEFENDANT

**MEMORANDUM ORDER**

Pending now before this Court is Plaintiff's Attorney's Motion for Approval of Application for Attorney Fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 10).[1] With this motion, Plaintiff's attorney is seeking the approval of an attorney's fee award of $4,935.00 in addition to $49.02 in costs, which totals $4,984.02. *See id.* Defendant responded to this motion on August 27, 2007. (Doc. No. 12). In this response, Defendant objected to the number of hours claimed by Plaintiff's attorney and submitted that Plaintiff's attorney is only entitled to a total award of $1484.02. *See id.* Plaintiff's attorney has not filed a reply to Defendant's response. This matter is ready for decision.

**1. Background:**

On June 27, 2006, Jessie Smith ("Plaintiff") appealed the Secretary of the Social Security Administration's ("SSA") denial of his request for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Doc. No. 1). On May 18, 2007, this court entered an order reversing and remanding Plaintiff's case to the SSA. (Doc. No. 9). After remand, Plaintiff's

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

attorney filed the present application for attorney's fees pursuant to the EAJA. (Doc. No. 10). This motion was filed on August 13, 2007. *See id.* In this motion, Plaintiff's attorney, Frederick S. Spencer, seeks approval of attorney's fees for professional services and costs in the amount of $4,984.02. *See id.*

On August 27, 2007, Defendant filed his response to Plaintiff's attorney's motion for fees. (Doc. No. 12). In this response, Defendant did not object to an award of attorney's fees under the EAJA. *See id.* However, Defendant objected to the number of hours Plaintiff's attorney claimed were expended on Plaintiff's case. *See id.* Defendant claims that only $1,484.02 should be awarded to Plaintiff's attorney under the EAJA. *See id.* This proposed award of $1,484.02 represents 10.25 hours of work at an hourly rate of $140.00 in addition to $49.02 in costs. *See id.*

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) (stating, "The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application must also be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was

specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.*  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action.  *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour.  *See* 28 U.S.C. § 2412(d)(2)(A).  A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*  A court may determine that there has been an increase in the cost of living, and may thereby increase the rate per hour, based upon the United States Department of Labor's Consumer Price Index (CPI).  *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA pursuant to sentence four of 42 U.S.C. § 405(g) (2006). (Doc. No. 9).  Defendant does not contest Plaintiff's claim that he is the prevailing party, does not oppose this application for fees under the EAJA, and does not object to

the hourly rate requested. (Doc. No. 12). This Court construes this lack of opposition to this application in the present action as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff's counsel requests an award under the EAJA at the rate of $140.00 per hour for the 35.25 hours which he asserts were devoted to the representation of Plaintiff in this Court and before the Commissioner after remand and for costs in the amount of $49.02. (Doc. No. 11). This hourly rate is authorized by the EAJA if Plaintiff's counsel attaches a copy of the Consumer Price Index ("CPI") to justify a rate increase for the cost of living. *See Johnson,* 919 F.2d at 504. Plaintiff's counsel has attached a copy of the CPI to his request for attorney's fees. (Doc. No. 11). Thus, this Court is authorized to award an hourly rate of $140.00 and finds that this is an appropriate hourly rate for the award of attorney's fees in this case.

This Court has reviewed the itemized statement appended to this application. (Doc. No. 11, Exhibit A-1). Upon reviewing this itemized statement, this Court finds Plaintiff's counsel's hours should be reduced by a total of 19.25 hours for the following reasons: (A) Plaintiff's counsel is not entitled to 15.25 hours requested for work performed at the administrative level; and (B) Plaintiff's counsel is not entitled to 4.00 hours requested which this Court finds excessive.

### A. Plaintiff's Counsel's Work at the Administrative Level

Plaintiff's counsel has requested payment for 15.75 hours for work performed after this matter was remanded to the ALJ on May 18, 2007. (Doc. No. 11, Exhibit A-1). A court cannot award attorney's fees under EAJA for work performed at the administrative level after a case has been remanded. *See Kelly v. Bowen,* 862 F.2d 1333, 1336 (8th Cir. 1988). Thus, Plaintiff's counsel cannot recover for this work. *See id.* This court will allow Plaintiff counsel to recover .50 hours for

the preparation of his Motion for Attorney Fees and supporting exhibits.

### B. Plaintiff's Counsel's Excessive Fee Requests

Defendant also objects to several of Plaintiff's fee requests, claiming they are excessive. (Doc. No. 12). Specifically, Defendant objects to Plaintiff's request for fees for 8.00 hours of time spent on "Conference with Client. Review of File" on 6/27/06, 8/17/06, 1/4/07, 1/31/07, 2/8/07, 2/9/07, 2/13/07, and 3/20/07.

This Court agrees and finds that the 8.0 hours spent in "Conference with Client. Review of File" is excessive. *See Hickey v. Sullivan,* 923 F.2d 585, 586 (8th Cir. 1991); 28 U.S.C. § 2412(d)(2)(A) (stating that "fees and other expenses" only include "reasonable attorney fees"). Plaintiff is entitled to receive 4.0 hours for the time spent in "Conference with Client. Review of File."

### 4. Conclusion:

Based upon the forgoing, I recommend that a total of $2,289.02 be awarded under the EAJA, 28 U.S.C. § 2412, which represents a total of $2,240.00 (16 hours of work at an hourly rate of $140.00) plus $49.02 in costs.[2]

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

---

[2] This Court finds that Plaintiff's claimed attorney's fees should be reduced, and are considered excessive, based upon the facts *specific to this case*. This Court notes that Plaintiff's attorney did little more than file the Complaint in this action. In fact, Plaintiff's counsel did not file an appeal brief in the appeal before this Court.

**ENTERED** this **9th day of October, 2007.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge